# Commonwealth v. Clyde Steamship Company, Appellant.

*Taxation — Corporations — Property located and employed in State — Foreign steamship corporation — Interstate commerce — Federal constitution—Acts of June 8, 1891, P. L. 229; June 8, 1893, P. L. 353, amending Act of June 1, 1889, P. L. 420.*

1. A foreign steamship corporation engaged in interstate commerce may properly be required to pay a tax on that proportion of its capital stock representing its office furniture, and equipment, which consists of appliances for loading and unloading passengers and freight, permanently located in the State and employed in its transportation business, under the statute imposing a tax of five mills upon corporate property located and employed in this State. Such a tax does not offend against any constitutional prohibition and is not a burden upon, nor an interference with, interstate commerce.

2. The taxable situs of taxable personal property, not permanently, nor continuously nor habitually, but only temporarily, in the State, is the domicile of the owner.

Argued May 25, 1920. Appeal, No. 9, May T., 1920, by defendant, from judgment of C. P. Dauphin Co., Commonwealth Docket 1919, No. 5, in favor of plaintiff, in case of Commonwealth v. Clyde Steamship Company. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Appeal from settlement of account for tax on capital stock. Before KUNKEL, P. J.

The case was tried before the court without a jury.

The following opinion was filed by KUNKEL, P. J.:

The defendant company has appealed from the settlement of an account against it by the accounting of-

ficers of the Commonwealth for the tax on its capital stock for the year 1915. The facts are not in controversy.

## FACTS.

The defendant company is a foreign corporation engaged in interstate commerce, carrying freight and passengers between New York and Philadelphia and other points on the Atlantic sea coast. In the account settled October 6, 1916, it is charged with the tax on that proportion of its capital stock representing its office furniture and equipment, which consists of appliances for loading and unloading passengers and freight permanently located in this State and employed in transacting its transportation business. It leases two wharves in the City of Philadelphia, with a dock between them, where its equipment is used. It is agreed by the parties that the value of the capital stock thus employed is eleven thousand dollars ($11,000).

## DISCUSSION.

The tax charged against the defendant company is that which is imposed by sections 4 and 5 of the Act of June 8, 1891, P. L. 229, and the Act of June 8, 1893, amendatory of the Act of June 1, 1889, P. L. 420, on the capital stock at the rate of five mills on the actual value thereof, of both domestic and foreign corporations (with certain exceptions named, not material to the present issue) doing business in this State or having capital or property employed or used here in any manner. The tax in effect is a tax upon corporate property located and employed in this State: Com. v. Standard Oil Co., 101 Pa. 119.

The defendant contends that the tax so far as it is attempted to be imposed on it is unconstitutional and void, because it puts a burden on interstate commerce and amounts to a regulation of it, a subject which belongs solely to Congress. The question presented, therefore, is whether the property used by a foreign corpora-

tion in this State in carrying on interstate commerce is exempt from taxation. On this question it is said in Del. Railroad Tax, 18 Wall. 206, "that the exercise of the authority which every State possesses to tax its corporations and all their property, real and personal, and the franchises, and to graduate the tax upon the corporations according to their business or income or the value of the property when this is not done by discriminating against the rights held in other States and the tax is not on imports, exports or tonnage or transportation to other states, cannot be regarded as conflicting with any constitutional power of Congress." Again it is said in Pullman's Palace Car Co. v. Pa., 141 U. S. 18, 23, "it is equally well settled that there is nothing in the Constitution or laws of the United States which prevents a state from taxing personal property employed in interstate or foreign commerce like other personal property within its jurisdiction." Further, in Leloup v. Port of Mobile, 127 U. S. 640-648, it is said: "No state has the right to lay a tax on interstate commerce in any form whether by way of duties laid on the transportation of the subjects of that commerce or on the receipts derived from that transportation, or on the occupation or business of carrying it on, and the reason is that such taxation is a burden on that commerce, and amounts to a regulation of it which belongs solely to Congress. We may here repeat what we have so often said before, that this exemption of interstate and foreign commerce from state regulation does not prevent the State from taxing the property of those engaged in such commerce located within the State, as the property of other citizens is taxed." It is quite clear from these authorities that the defendant company's property is not exempt from taxation. The subject of the tax is the defendant's capital stock; that proportion of it represented by its property used in carrying on interstate commerce, nevertheless as it is located permanently in this State and the property of other corporations is subject to a like tax, it also is

taxable. According to the doctrine of the cases, such taxation cannot be regarded in conflict with the exclusive power of Congress to regulate interstate commerce.

The defendant company relies upon the case of Gloucester Ferry Company v. Pennsylvania, 114 U. S. 196, as ruling the question before us in its favor. The distinction between that case and the present one is obvious. There, as here, the tax was laid on the capital stock of the company, that represented by the ferry boats which plied between Camden, New Jersey, and Philadelphia, and touched at Philadelphia for the purpose of loading and receiving passengers. But the ferry boats were not permanently in this State. They therefore were not within the taxing jurisdiction of this State, but their taxable situs was the domicile of the company, which was the State of New Jersey. It is hardly necessary to say that the taxable situs of tangible personal property, not permanently nor continuously nor habitually but only temporarily in a state is the domicile of the owner. Nor was there in that case any capital stock in this State. The capital stock could only be in the state in so far as the property of the company, representing it, was in the state: Com. v. Standard Oil Co., supra; Com. v. Curtis Pub. Co., 237 Pa. 333, 335. So there was neither capital stock nor property in this State liable to taxation. This was the point upon which the decision in that case turned. As was said, quoting from the opinion: "According to the decision in the Standard Oil Case, supra, and by the general law on the subject, the company has no domicile in Pennsylvania and its capital stock, representing its property, is held outside of its limits. It is solely, therefore, for the business of the company in landing and receiving passengers at the wharf in Philadelphia, that the tax is laid, and that business, as already said, is an essential part of the transportation between the States of New Jersey and Pennsylvania which is itself interstate commerce. While it is conceded that the property in a state belonging to a

foreign corporation engaged in foreign or interstate commerce may be taxed equally with like property of a domestic corporation engaged in that business, we are clear that a tax or other burden imposed on the property of either corporation because it is used to carry on that commerce, or for the transportation of persons or property or for the navigation of the public waters over which the transportation is made, is invalid and void as an interference with and an obstruction of the power of Congress in the regulation of such commerce." Thus it appears that the court in that case concluded that because there was no property belonging to the company taxable in this State, the tax there laid was not laid upon the company's property but upon its business of landing and receiving-passengers in this State, which was a necessary part of the interstate transportation in which it was engaged. For that reason the tax was not sustained. Unlike the case of the Gloucester Ferry Company v. Penna., there is now presented a case where the defendant company has property located permanently in this State, which it is using here and whose situs for taxation is in this State. Its capital stock represented by such property therefore is here and liable to taxation like the capital stock or property of other corporations.

Wherefore, we conclude:

1. That the capital stock of the defendant company in this State, represented by its property permanently in this State, although used in carrying on interstate commerce, is nevertheless taxable in this State.

2. That the fact that the defendant company is carrying on interstate commerce and using, in connection with its business, the property subjected to the tax, does not exempt such property from the taxation imposed upon corporations doing business or employing property in this State.

3. That the Commonwealth is entitled to judgment.

4. That the Commonwealth is entitled to recover as follows:

Tax, at rate of 5 mills on its capital stock of $11,-
000, ...............................................$55.00
Interest from Dec. 6, 1916, ................... 10.72

                                                    _____
                                                    $65.72
Attorney general's commission, 5%,........... 3.28

                                                    _____
    Total amount due, ......................$69.00

for which sum judgment is directed to be entered in
favor of the Commonwealth and against the defendant,
unless exceptions be filed within the time limited by law.

    Judgment was entered accordingly.    Defendant appealed.

    *Error assigned,* among others, was above judgment,
quoting it.

    *M. Hampton Todd,* for appellant.

    *Wm. M. Hargest,* Deputy Attorney General, and *William I. Schaffer,* Attorney General, for appellee.

    PER CURIAM, June 26, 1920:
    This judgment is affirmed on the opinion of the learned
president judge of the court below directing it to be
entered.