## Commonwealth v. Kurz

*F. Gilman Spencer*, Special Deputy Attorney General, for Commonwealth.

*Roland J. Christy* and *Leslie C. Krusen*, of *Krusen, Evans & Shaw*, for appellant.

FENERTY, J., March 31, 1943. — This is an appeal from an assessment of a State personal property tax under the Act of May 18, 1937, P. L. 633, 72 PS §3242, and its amendments.

The Commonwealth made an assessment upon certain shares of stock, held by appellant, in Chas. Kurz & Co., Inc., Keystone Tankship Corporation, and Independent Tanker Transportation Company, Inc., all foreign corporations, duly registered in this Commonwealth. They filed reports and were assessed upon that part of their capital stock representing the property or capital employed in this Commonwealth. The franchise tax thus assessed was paid by each corporation; but that would not be determinative of the present proceeding: Callery's Appeal, 272 Pa. 255. Neither would the amount of the tax: Dupuy v. Johns et al., 261 Pa. 40.

The appellant has the double burden of showing that each corporation was doing business in this Commonwealth *and* that it was liable to a franchise tax: Callery's Appeal, supra. If the corporations were doing business and were liable to a franchise tax, this appeal must be sustained: Arrott's Estate, 322 Pa. 367.

The Commonwealth contends that the only business done by the corporations in this Commonwealth was in furtherance of interstate commerce, and that all the property owned by them, located in this Commonwealth, was so allied to such trade as to exempt the corporations from the levy of a franchise tax. That this is not necessarily so is shown by the cases of Commonwealth v. Clyde Steamship Co., 268 Pa. 278 (equipment for loading and unloading passengers and freight), and Coverdale v. Arkansas-Louisiana Pipe Line Co., 303

U. S. 604 (privilege tax on power generated by engines to pump gas through a pipe line engaged exclusively in interstate commerce). See also Memphis Natural Gas Co. v. Beeler et al., 315 U. S. 649.

### Chas. Kurz & Co., Inc.

This is a Delaware corporation. It has been registered in this Commonwealth since 1919; its principal business office is in Pennsylvania; it has no office elsewhere except in Delaware, which is used only as a statutory domiciliary office; it occupies space in the Atlantic Building, Philadelphia, which it sublets from Keystone Tankship Corporation, for which it pays an annual rental of approximately $1,362; it employs 31 persons in its Philadelphia office; in 1940, the year under consideration in the proceedings at bar, it maintained a bank balance of $360,000 at the Corn Exchange National Bank & Trust Company, Philadelphia; all its records are kept here, and all disbursements are made from the Philadelphia office; it maintains an additional office at 119 South Fourth Street, Philadelphia; it permanently owns and maintains, in Philadelphia, furniture, fixtures, and equipment for the offices, and parts, stores, and equipment for its several vessels; during 1940 it entered into contracts for telephone, office equipment, and supplies in Philadelphia; it also entered into a contract to supervise the construction of ships at the Sun Shipbuilding & Dry Dock Company, Chester, Pa., and during the year 1940 its technical staff worked on the plans and specifications for the ships.

### Keystone Tankship Corporation

This company was incorporated in Delaware in 1937; it registered in Pennsylvania in July 1939; it has maintained its principal office in Philadelphia; it has no office elsewhere except in Wilmington, Del., which is for statutory domiciliary purposes only; its

main office is in the Atlantic Building, Philadelphia; it also occupied an office at 119 South Fourth Street, Philadelphia; part of the rental was paid by Chas. Kurtz & Co., Inc., and Independent Tanker Transportation Company, Inc.; it permanently owns and maintains in this Commonwealth furniture and office equipment and parts, stores, equipment, and supplies for its ships; it purchased these supplies in Philadelphia or placed the order for them in Philadelphia; it entered into contracts in Philadelphia for the chartering of certain ships to Independent Tanker Transportation Company; it entered into contracts with Chas. Kurz & Co., Inc., for supervision by the Kurz Company of the construction of certain ships by Sun Shipbuilding Company at Chester, Pa.; it entered into the shipbuilding contract with the shipbuilding company during the year 1940; it maintained, during 1940, a bank balance of $10,000 at the Corn Exchange National Bank & Trust Company in Philadelphia.

*Independent Tanker Transportation Company, Inc.*

This is, likewise, a Delaware corporation, having been incorporated in 1937; it was registered in Pennsylvania in 1939; its principal office is in the Atlantic Building, Philadelphia; it owns furniture, fixtures, and office equipment which are located at its Philadelphia office; it has no office elsewhere except in Wilmington, Del., for statutory domiciliary purposes; it had, during the year 1940, an account with the Corn Exchange National Bank & Trust Company of Philadelphia, the balance in which varied between $10,000 and $25,000; it chartered boats from the Keystone Tankship Corporation and Kaymar Tankers, Inc., the contracts for which were prepared in Philadelphia but executed in New York.

All the facts above are admitted by the parties to this appeal. We have not enumerated the volume of business done, nor the value of the property permanently

located in this Commonwealth, because it is not relevant to this proceeding: Dupuy v. Johns et al., supra; nor have we adverted to the interstate commerce which was the principal business of each of the corporations.

That the facts narrated above constitute business done in the Commonwealth is not open to question and is not controverted by appellee.

The Commonwealth contends that such business was so closely allied to the interstate business as to be a part of it; that a taxation of it would so seriously impede and interfere with interstate commerce that such an assessment would be an unconstitutional interference with such commerce; that even though the corporations paid a franchise tax to this Commonwealth they were under no duty to do so, and the present appellant may not use such payment as an excuse to withhold payment of the personal property tax upon the shares of the corporate stock owned by him.

Appellee's contention cannot prevail. In Commonwealth v. Clyde Steamship Co., supra, in which the facts show that only office equipment and appliances for loading and unloading passengers and freight were located within this Commonwealth (a case less persuasive than the present one for, in addition to property located here, the instant case reveals business other than interstate actually transacted), the court said (p. 280):

"The subject of the tax is the defendant's capital stock, that proportion of it represented by its property used in carrying on interstate commerce, nevertheless as it is located permanently in this State and the property of other corporations is subject to a like tax, it also is taxable. According to the doctrine of the cases, such taxation cannot be regarded in conflict with the exclusive power of Congress to regulate interstate commerce."

See also Southern Realty Corp. et al. v. McCallum et al., 65 F.(2d) 934, 936 (certiorari denied 290

U. S. 692), Coverdale v. Arkansas-Louisiana Pipe Line Co., supra, and Memphis Natural Gas Co. v. Beeler et al., supra.

In a somewhat similar case Court of Common Pleas No. 7 of this county reached the same conclusion as that at which we have arrived: Commonwealth v. Andrews, 42 D. & C. 505.

And now, March 31, 1943, the appeal is sustained and the assessment is set aside.